No. 8933.

THE STATE OF LOUISIANA EX REL. FRED. HOLYLAND VS. THE JUDGE OF CIVIL DISTRICT COURT FOR THE PARISH OF ORLEANS, DIVISION D, ET ALS.

A surety on a judicial bond must not only be solvent, but must be good for the amount of the bond.
The burden of proving such capacity is on the party who tenders the surety.

APPLICATION for Prohibition.

_R. Stewart Dennee_ and _Wm. R. Whitaker_ for the Relator.

_N. R. Rightor_, Judge, Respondent, _in pro. per.,_ and _B. R. Forman_ for Defendants.

The opinion of the Court was delivered by

POCHÉ, J. The District Court having dissolved an injunction sued out by the relator in this case, he obtained an order of suspensive appeal from the order of dissolution, on a bond of five hundred dollars.

On a rule to test the solvency of the surety on the appeal bond, the

court decided that the surety was not good, and made its judgment executory.

Relator then instituted this proceeding for a writ of prohibition, which presents the question of the sufficiency and solvency of the surety on the appeal bond.

From an examination of the evidence taken on the rule, we reach the conclusion that the finding of the District Judge is correct.

That evidence consists mainly of the testimony of the surety, who swears that he owes no debts, and that he owns household and kitchen furniture of the value of six or eight hundred dollars, and that he owns a house and lot which he values at $1,500.

But he does not describe his furniture in detail, and the legal presumption is, that the better part of it is exempt from seizure and sale under the provisions of Act No. 79 of 1876, amending Art. 644 of the Code of Practice.

The immovable property which he owns was acquired at a tax sale; but it appears from his testimony that his title is in litigation, and hence, it is not absolutely available to creditors.

As he owes no debts he may be solvent, but the evidence fails to show that he is good for five hundred dollars under the requirements of the law, or that a judgment of five hundred dollars could be satisfied out of all the property which he owns, and not exempt from seizure under the law.

The burden of proving the sufficiency or legal capacity of a surety on a judicial bond is on the party who tenders the surety. In this case the relator has failed to satisfy the legal requirements, and hence, he is not entitled to the relief which he seeks.

The preliminary restraining order granted herein is, therefore, set aside, and the writ of prohibition prayed for is refused at relator's costs.